FILED
**Jul 16, 2021**
**03:48 PM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT JACKSON

| | | |
|---|---|---|
| **DEBORAH MORGAN,** | ) | **Docket No. 2020-07-0266** |
| **Employee,** | ) | |
| **v.** | ) | |
| **BEALL MANUFACTURING, INC.,** | ) | **State File No. 29562 2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **TRAVELERS INS. CO.,** | ) | **Judge Amber E. Luttrell** |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

The Court heard Beall Manufacturing's Second Motion for Summary Judgment on July 13, 2021, on the issue of medical causation. For the reasons below, the Court holds Beall is entitled to summary judgment.

### Procedural History

Ms. Morgan worked as a press operator for Beall. She alleged she suffered an acute injury to her left hand and wrist while working with small parts on May 5, 2020. Beall offered Ms. Morgan a panel of physicians, and she selected a provider. At her initial visit, Ms. Morgan failed to provide an adequate sample for a post-accident drug screen. Thus, Beall denied any further treatment.

After the denial, Ms. Morgan requested an expedited hearing seeking medical benefits. In addition to its post-accident drug screen defense, Beall further contended that Ms. Morgan did not offer any evidence proving medical causation for her injury. The Court entered an Expedited Hearing Order rejecting the drug screen defense. However, the Court denied benefits because Ms. Morgan did not introduce any medical evidence showing she was likely to succeed at trial in proving causation.

1

Beall then filed its first Motion for Summary Judgment, which the Court denied because it failed to meet its burden under Rule 56 to show that Ms. Morgan's proof was insufficient to create an issue of fact as to causation.

After the denial, Beall authorized treatment with Dr. Michael Calfee, whom Ms. Morgan selected from a panel. Dr. Calfee provided an affidavit containing his causation opinion, and Beall filed this motion.

**Beall's Motion**

In its statement of undisputed facts, Beall stated that Ms. Morgan alleged a specific injury to her left hand/wrist from dragging parts on May 5, 2020. Beall cited Ms. Morgan's interrogatory responses where she elaborated by stating "[s]omething snapped in my left hand[.]"

Beall's statement also referred to Dr. Calfee's affidavit. Ms. Morgan saw Dr. Calfee, her panel selected orthopedist, for her left-wrist complaints. She gave Dr. Calfee a history of "having to manipulate lawnmower blades all day long." Dr. Calfee diagnosed carpal tunnel syndrome and degenerative arthritis of the metacarpophalangeal joint of the left thumb. Regarding the nature of Ms. Morgan's injury, Dr. Calfee stated that after reviewing Ms. Morgan's medical records, a causation letter from Travelers, and the Expedited Hearing Order, it was his "understanding on May 5, 2020, while working for Beall Manufacturing, Ms. Morgan was moving parts and felt a pop in her left wrist."

Regarding causation, Dr. Calfee stated in his affidavit, "It is my opinion, within a reasonable degree of medical certainty, that Ms. Morgan's current symptoms are attributable to her carpal tunnel syndrome and her carpal tunnel syndrome was not primarily or greater than 50% caused by the pop that occurred on May 5, 2020." Further, he concluded, "I do not feel Ms. Morgan's current symptoms are primarily or greater than 50% related to her pop in her wrist that occurred on May 5, 2020."

In her response to the motion, Ms. Morgan attached a medical note from P.A. Michael Brown, co-signed by Dr. James Williams, which recorded her history that "on May 6, 2020 while racking steel parts into a bin she felt a snap in her hand." P.A. Brown diagnosed hand pain and noted her work injury contributed greater than fifty percent to her health problem with her hand. She also attached a letter from Dr. Calfee in response to her causation question where he said, "I do think it is possible her carpal tunnel syndrome was caused by repetitive work in her employment at CSI, however it was not caused by her injury on May 5, 2020." As for Dr. Calfee's causation opinion, Ms. Morgan acknowledged that she's alleged in this case a "pop" or "snap" in her left hand on May 5, 2020; however, she argued she had experienced hand/wrist pain for a while.

Beall argued that, based on the undisputed facts, namely the affidavit of Dr. Calfee, it submitted affirmative evidence that negates the essential element of medical causation

and showed that Ms. Morgan's proof is insufficient to prove causation. As for P.A. Brown's record, Beall contended that the record is not admissible as it is not in a form sufficient under Rule 56 to overcome a motion for summary judgment, citing *Lemons v. Elwood Staffing Services, Inc.,* 2021 TN. Wrk. Comp. App. Bd. LEXIS 12, at \*13 (May 4, 2021).

## Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2020).

As the moving party, Beall must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Ms. Morgan's claim, or (2) demonstrate that Ms. Morgan's evidence is insufficient to establish an essential element of her claim. Tenn. Code Ann. § 20-16-101 (2020); *see also Rye v. Women's Care Ctr. Of Memphis*, *MPLLC,* 477 S.W.3d 235, 264 (Tenn. 2015). If Beall does either or both of these things, Ms. Morgan must respond by producing specific facts showing a genuine issue for trial. *Id*.; Tenn. R. Civ. P. 56.06.

The Court finds Beall successfully negated the essential element of medical causation *and* established Ms. Morgan's proof is insufficient to create a genuine issue of material fact as to causation. Dr. Calfee concluded in his affidavit that Ms. Morgan's carpal tunnel syndrome and "current symptoms" are not primarily related to her May 5, 2020 "pop" injury. As the panel-selected treating physician, Dr. Calfee's causation opinion is presumed correct. *See* Tenn. Code Ann. §50-6-102(14)(E).

Because Beall met its burden, Ms. Morgan must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in her favor[.]" *Rye,* at 265. Here, Ms. Morgan produced no admissible material facts to lead the Court to find in her favor. Instead, Ms. Morgan submitted a medical record from P.A. Brown and Dr. Williams and letter from Dr. Calfee to support her claim. The Appeals Board recently addressed the use of medical records in support of or opposition to summary judgment. The Board held,

> At the summary judgment stage, parties must comply with the requirements of Rule 56 of the Tennessee Rules of Civil Procedure, which sets out what a court may consider in ruling on such a motion. Specifically, Rule 56.04 allows a court to consider "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." Medical records, standing alone, are not included in that list.

*Sadeekah v. Zaher Abdelaziz d/b/a Home Furniture and More*, 2021 TN. Wrk. Comp. App.

Bd. LEXIS 19, at *12-13 (June 22, 2021) (quoting Rule 56). Under this authority, the submitted record and letter were not presented to this Court in an admissible form to overcome summary judgment.

While the Court is aware of Ms. Morgan's sincerely held belief that her carpal tunnel syndrome and current symptoms arose out of her work at Beall, she did not present a medical opinion, in an admissible form, to show an issue of fact for trial, and her lay opinion alone is legally insufficient to refute Dr. Calfee's conclusions. Accordingly, Beall's Motion for Summary Judgment is **granted,** and Ms. Morgan's claim is dismissed with prejudice.

The costs of this cause are taxed to Beall under Tennessee Compilation Rules and Regulations Rule 0800-02-21-.07, to be paid within five days of this order becoming final. Beall shall prepare and submit the SD-2 within ten days of the date of this order. Unless appealed, this order shall become final thirty days after entry.

**IT IS ORDERED.**

**ENTERED July 16, 2021.**

_Amber E. Luttrell_
**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**

4

**Technical Record:**
1. Employer's Motion for Summary Judgment (filed May 17, 2021)
2. Employer's Statement of Undisputed Facts
3. Affidavit of Dr. Michael Calfee
4. Employer's Memorandum in Support
5. Employer's emailed notice of compliance
6. Order and Docketing Notice setting hearing
7. Employee's Response to Undisputed Facts
8. Employee's Argument in Response
9. Employee's submission of medical records
10. Employer's Response to Employee's Response
11. Employee's Motion for Reduction of Time for Production of Documents
12. Employer's Response to Employee's Motion
13. Order Denying Motion for Reduction of Time

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on July 16, 2021.

| Name | USPS | Email | Service sent to: |
|---|---|---|---|
| Deborah Morgan, Employee | | X | Djackmorgan13@gmail.com 6579 Highway 436, McKenzie, TN  38201 |
| Paul T. Nicks, Employer's Attorney | | X | pnicks@travelers.com jschmid6@travelers.com |

*Penny Shrum*
_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fullycompleted Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____ **Employer**

Notice is given that _____ *[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date filestamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____ issued

by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____   ☐Employer ☐Employee

Address: _____   Phone: _____

Email: _____

Attorney's Name: _____   BPR#: _____

Attorney's Email: _____   Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*__ [Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month          Medical/Dental  $ _____ per month

Groceries          $ _____ per month          Telephone       $ _____ per month

Electricity        $ _____ per month          School Supplies $ _____ per month

Water              $ _____ per month          Clothing        $ _____ per month

Gas                $ _____ per month          Child Care      $ _____ per month

Transportation  $ _____ per month          Child Support   $ _____ per month

Car                $_____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile               $ _____          (FMV) _____

Checking/Savings Acct. $ _____

House                    $ _____          (FMV) _____

Other                    $ _____          Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____            _____

_____            _____

_____            _____

_____            _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                      RDA 11082